IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CASIMIRO SALINAS, <br> Institutional ID No. 88042 <br><br> Plaintiff, <br><br> v. <br><br> KELLY ROWE, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 5:24-CV-190-BV |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Casimiro Salinas filed this action under 42 U.S.C. § 1983 on August 15, 2024. Dkt. No. 3. Salinas has not complied with Court orders and has failed to prosecute this case, so the undersigned recommends that the United States District Judge dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure.[1]

**1.   Background**

This action was transferred to the undersigned magistrate judge to conduct preliminary screening under the Prison Litigation Reform Act (PLRA). Dkt. No. 17. Before the case was reassigned, the district judge issued a PLRA Filing Fee Order, granting Salinas's request to proceed *in forma pauperis* (IFP) and advising him of his obligations to "promptly notify the Court in writing of any change of address" and that

---

[1] Salinas consented to a magistrate judge in a filing signed August 20, 2024, but three days later he submitted a second form declining to consent. Dkt. Nos. 8, 13. In an abundance of caution, the undersigned makes findings and conclusions rather than entering final judgment.

his "[f]ailure to file this notice may result in this case being dismissed for want of prosecution." Dkt. No. 16 at 2 ¶ 8. Salinas received a similar admonishment when he initially filed this suit. *See* Dkt. No. 2 ("You must promptly notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case."); *see also* Dkt. No. 10 (ordering that Salinas must promptly update his address).

On September 6, 2024, the Court commenced its initial screening of Salinas's complaint by ordering certain persons and entities provide authenticated records related to his claims. Dkt. No. 19. The court reviewed the records and ordered Salinas to return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), to provide the Court with additional information concerning his claims. Dkt. No. 24. Salinas timely completed and returned the questionnaire. Dkt. No. 25.

On November 4, 2024, the Lubbock County Detention Center (LCDC) notified the Court that Salinas had been released to the custody of the Texas Department of Criminal Justice. Dkt. No. 26. The address the Court has on file for Salinas is at LCDC. Salinas has not filed a notice of change of address since his transfer from LCDC, nor has he communicated with the Court since October 24, 2024. Dkt. No. 25.

To give Salinas an opportunity to inform the Court of his whereabouts, the Court ordered him to file "a notice updating his address by July 2, 2025." Dkt. No. 27 at 1 (emphasis omitted). The Court further cautioned Salinas that his failure to comply would result in dismissal of his case under Rule 41(b). *Id.* However, on June 30, 2025, the United States Postal Service returned Salinas's mail, which the Clerk had sent to

2

LCDC—his address on file with the Court. Dkt. No. 28. LCDC officials marked the reason for the return as "Inmate Released." *Id.* As of the date of this recommendation, Salinas has not updated his address or otherwise responded to the Court's order.

## 2.     Involuntary Dismissal

When a plaintiff fails to comply with court orders—including those requiring address updates—"[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply" with the orders. *McCollough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam). The court may exercise this authority *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted, the Court began its screening of Salinas's complaint, but his failure to update his current mailing address interferes with the Court's ability to further develop and screen his case. Because Salinas has not updated his address, the Court is unable to communicate with him or further evaluate his claims. Salinas's failure to follow the Court's orders impedes the timely and efficient management of the Court's docket.

Courts routinely dismiss cases when prisoners fail to comply with court orders requiring a current mailing address. *See, e.g., Williams v. Kemp*, No. 3:21-cv-00105-N (BT), 2021 WL 3024856, at *1 (N.D. Tex. June 4, 2021) (recommending dismissal after mail was returned as undeliverable because plaintiff "failed to keep the Court apprised of his current address"), *R. & R. adopted by* 2021 WL 3023009 (N.D. Tex. July 16, 2021);

3

*Bennett v. Smith Cnty. Jail*, No. 6:21cv010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *R. & R. adopted by* 2021 WL 926207 (E.D. Tex. Mar. 10, 2021); *Martinez-Reyes v. United States*, No. 7:14-CV-341, 2016 WL 8740494, at *4 (S.D. Tex. Oct. 10, 2016) (concluding dismissal was required "given that the last court document was returned as undeliverable and the Court thus" could not communicate with inmate), *R. & R. adopted by* 2017 WL 1409315 (S.D. Tex. Apr. 20, 2017); *see also Shuemake v. Hillhouse*, No. 6:18cv349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) ("Plaintiff has neither communicated with the Court since his release nor provided an updated mailing address as required. It is well-settled that a Plaintiff has an ongoing obligation and responsibility to inform the Court [of] his whereabouts through a current mailing address."), *R. & R. adopted by* 2021 WL 3032725 (E.D. Tex. July 19, 2021).

Because Salinas has violated this Court's orders by not updating his mailing address, and he has not communicated with the Court in more than eight months, this case is dismissed for want of prosecution. *See Green v. Moore*, No. 1:15-CV-00210-BL, 2018 WL 3763836, at *2 (N.D. Tex. July 20, 2018) (dismissing case for want of prosecution where the plaintiff "failed to keep the Court apprised of his current address as required by the local rules . . . and in direct conflict with the instructions provided to him."), *R. & R. adopted by* 2018 WL 3756894 (N.D. Tex. Aug. 8, 2018).

### 3. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge dismiss Salinas's complaint without prejudice for want of

4

prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The fourteen-day period for objections to these findings, conclusions, and recommendation provides Salinas an additional opportunity to update his address. If he does so, the undersigned recommends that this action be transferred back to the undersigned for further proceedings.

4.  **Right To Object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 12, 2025.

_____
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE